# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER A. WILSON, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-076 |
| | ) | |
| CHATHAM COUNTY JAIL, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court previously directed *pro se* plaintiff Christopher A. Wilson, II to file an amended complaint concerning allegations that Chatham County Jail personnel were deliberately indifferent to his serious medical needs. *See* doc. 9. He has complied. *See* doc. 10. The Court, therefore, proceeds to screen his Amended Complaint. Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(discussing a Rule 12(b)(6) dismissal). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Wilson's Amended Complaint focuses on the injury to his shoulder he suffered when he fell from his bunk. *See* doc. 10 at 5-6. He alleges that he did not receive medical care for that injury for two days, despite the fact that he "told every wing officer." *Id.* at 5. Those officers are never identified. *See id.* He also alleges that two officers "Crpl White & Rosser," refused to permit surgery recommended by an emergency room physician. *Id.* Much of his Amended Complaint is occupied in a calculation of the damages he seeks. *See id.* at 5-6. Despite the focus of his amended allegations on the shoulder injury, rather than the PTSD and night terrors, *see* doc. 9 at 2, he only names Dr. Stockfish, the "psychologist," and a Nurse Harn as defendants. Doc. 10 at 2. After identifying them as defendants, they are never mentioned in the Amended Complaint again.

As the Court previously explained, Wilson's allegations implicate his right to appropriate medical care. *See* doc. 9 at 3-4. Wilson's

2

Amended Complaint clarifies that he is a pretrial detainee, doc. 10 at 4, so his rights are established by the Fourteenth Amendment. *See Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). "However, the standards under the Fourteenth Amendment are identical to those under the Eighth." *Id.* (citation omitted); *see also Thomas v. Bradshaw*, 2022 WL 333244, at *4 (11th Cir. Feb. 4, 2022) (same).

Under the applicable standard, a government official must display "deliberate indifference to the serious medical needs of prisoners . . . " *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This requires that (1) the prisoner suffered a sufficiently serious medical need; (2) to which the defendants were deliberately indifferent; (3) resulting in an injury. *Goebert*, 510 F.3d at 1326. Whether defendants were deliberately indifferent is subjective and each defendant is "judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). To allege deliberate indifference, a plaintiff must plead facts sufficient to show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir. 2010).

As before, Wilson has failed to allege that any particular defendant was deliberately indifferent to the injuries he suffered when he fell from his bunk.  His allegations concerning prison staffs' subjective knowledge are too general to allege that *any particular person*, much less the named defendants, knew about his injury.  *See* doc. 10 at 5-6.  He has, therefore, failed to plead the subjective component of his claim.  While the Court can, perhaps, infer claims against identified and unidentified individuals, it is not permitted to "step into the role of *de facto* counsel or rewrite an otherwise deficient pleading in order to sustain a cause of action."  *Giddens v. Brooks Cnty., Ga.,* 2022 WL 836273, at *3 (11th Cir. Mar. 21, 2022) (internal citation and quotation omitted).

Because of the lack of any allegations concerning the named defendants, Wilson's claims are subject to dismissal.  However, a *pro se* plaintiff is typically granted at least one opportunity to amend.  *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc)) ("[W]hen a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend

4

the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so requires"). Wilson's apparently good-faith attempt to address the defects in his prior pleading merit **one final** opportunity to amend his pleading. *See Rizk v. Seminole Cnty. Sheriffs Dept.*, 857 F. App'x 619, 620 (11th Cir. 2021) (approving affording *pro se* plaintiffs an opportunity to amend a complaint which "state[s] a claim against individuals or entities who are identified in the body . . . and whose wrongful conduct is alleged there, even if they are not named in the caption.").

Wilson is **DIRECTED** to file a Second Amended Complaint no later than June 10, 2022 addressing the deficiencies outlined above.[1] Wilson is advised that his amended complaint will supersede the current operative complaint and therefore must be complete in itself.[2] *See*

---

[1] The Clerk of Court is **DIRECTED** to provide plaintiff with a copy of the standard prisoner complaint form for violation of civil rights, (Pro Se 14).

[2] As the Court noted above, Wilson has omitted any allegations in his Amended Complaint concerning the treatment, or lack of it, he received for his PTSD and night terrors. *Compare* doc. 9 at 2, 5-6 (discussing allegations and claims related to PTSD and night terrors), *with* doc. 10 at 5-6. The fact that he named Dr. Stockfish, who he alleged was responsible the treatment of those conditions, *see* doc. 9 at 2, suggests that he may not have omitted them with the intention of abandoning those claims. Wilson's opportunity to amend will provide him with an opportunity to clarify the status of those claims. Wilson is advised that, once his Second Amended Complaint is filed, the prior pleadings will serve no further function in this case.

*Malowney v. Dec. Collection Deposit Grp.*, 193 F.3d 1342, 1345, 1345 n. 1 (11th Cir. 1999); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). Wilson is further advised that failure to submit his amended pleading may result in dismissal of his case for failing to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED,** this 23rd day of May, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA